**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WALTER BOWIE,** | : | |
| Petitioner | : | CIVIL ACTION NO. 4:05-2652 |
| v. | : | (MCCLURE, D.J.) |
| | | (MANNION, M.J.) |
| **U.S. JUSTICE DEPARTMENT, CAMERON LINDSAY, Warden, & EDWARD F. REILLY, JR., Parole Commissioner,** | : | |
| | : | |
| Respondents | : | |

# REPORT AND RECOMMENDATION

Before the court is the relator's petition for writ of habeas corpus. For the following reasons, the court recommends that the petition be dismissed as moot.

## I.     Background

The pro se relator, currently incarcerated in the United States Penitentiary Canaan at Waymart, Pennsylvania, filed his petition on December 22, 2005. He challenges as a violation of his Fifth Amendment due process rights the failure of respondent Reilly, the chairman of the U.S. Parole Commission, and respondent U.S. Department of Justice ("DOJ") "to execute or withdraw" a parole violation warrant lodged against him as a detainer for ten years. He seeks an order quashing the warrant. (Doc. No. 1.) On April 3, 2006, the respondents submitted a response, to which the relator submitted a traverse on April 21, 2006. (Doc. Nos. 9 & 10.) On March 14, 2007, the

respondents filed a notice of mootness, in which they advised the court that the Parole Commission had executed the warrant and the relator had a revocation hearing on the warrant on December 19, 2006. (Doc. No. 12.)

## II.   Discussion

Federal courts have jurisdiction only over a live case or controversy, in which a plaintiff has suffered or may suffer an actual injury that is redressable by the court. U.S. CONST. art. III, § 2, cl. 1; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis, 494 U.S. at 477-78 (internal quotation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979) (internal quotation omitted). This occurs when (1) the alleged violation has ended and may reasonably be expected not to recur and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[1] Id. A court must dismiss a case as moot once

---

[1] Implicit corollaries to the Supreme Court's statement in Davis are the four exceptions to the mootness doctrine: (1) the existence of collateral consequences, see Sibron v. New York, 392 U.S. 40 (1968); (2) the injury is capable of repetition yet evading review, see Roe v. Wade, 410 U.S. 113 (1973); (3) the defendant voluntarily ceases the injury but may freely resume it, see United States v. W.T. Grant Co., 345 U.S. 629 (1953); and, (4) the case is a certified class action, see Sosna v. Iowa, 419 U.S. 393 (1975).

events have occurred during its pendency that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the court finds that the relator's petition no longer presents a live controversy because the injury complained of is irredressable. The relief the relator sought is no longer available because he has already received it from the respondents. Accordingly, the petition should be dismissed as moot.

### III. Conclusion

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the relator's petition for writ of habeas corpus be **DISMISSED** as moot.

> s/ *Malachy E. Mannion*
> **MALACHY E. MANNION**
> **United States Magistrate Judge**

Date: April 2, 2007
O:\shared\REPORTS\2005 Reports\05-2652.01.wpd

---

Having reviewed the issue presented by the relator, the court finds none of the four exceptions relevant to the instant case.